UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFFREY P. BOREL | CIVIL ACTION_____ |
| VERSUS | NUMBER_____ |
| HARVEY GULF INTERNATIONAL MARINE, LLC, | JUDGE _____ |
| TAILING INTERNATIONAL, L.L.C., AND | |
| SHELL OFFSHORE INC. | MAGISTRATE_____ |

-------------------------------------------------------------------------------------------------------

PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes petitioner, JEFFREY P. BOREL, a person of the full age of majority domiciled in Rapides Parish, Louisiana, who respectfully represents:

I.

Petitioner's claims are brought pursuant to the Admiralty and General Maritime Laws of the United States and the Outer Continental Shelf Lands Act (43 U.S.C. §§ 1331 et seq.).

II.

Venue is proper in this district because the defendants are subject to personal jurisdiction in the Eastern District of Louisiana.

III.

Made defendants herein are:

A.   HARVEY GULF INTERNATIONAL MARINE, LLC, a Louisiana corporation authorized to do and doing business in the Eastern District of Louisiana;

B.   TAILING INTERNATIONAL, L.L.C., a Louisiana corporation authorized to do and doing business in the Eastern District of Louisiana;

C.   SHELL OFFSHORE INC. a foreign corporation authorized to do and doing business in the Eastern District of Louisiana.

1

IV.

On or about November 25, 2020, petitioner, JEFFREY P. BOREL, was working for Danos as an electrician assigned to a crew contracted to perform work on the "Auger", a tension leg platform owned and operated by defendant, SHELL OFFSHORE INC., located on the Outer Continental Shelf in the Gulf of Mexico off the coast of Louisiana.

V.

At all times mentioned hereinafter, petitioner, JEFFREY P. BOREL, was a passenger aboard the M/V Harvey Blue-Sea, a three hundred forty foot (340') offshore multi-purpose supply vessel owned and operated by defendant, HARVEY GULF INTERNATIONAL MARINE, LLC.

VI.

Defendant, TAILING INTERNATIONAL, L.L.C., provided safety technicians, supervisors and/or personnel aboard the M/V Harvey Blue Sea and the Auger platform who, amongst other things, participated in the coordination, planning and/or supervision of the means of egress from the vessel to the platform.

VII.

At approximately 9:00 p.m. on November 25, 2020, petitioner, JEFFREY P. BOREL, was attempting to depart the M/V Harvey Blue-Sea and board the Auger with his tools and/or equipment by using vessel's telescopic gangway.

VIII.

While do doing so, suddenly, negligently, and without warning, petitioner's tool and/or equipment bag became caught in a narrow section of the gangway frame and caused him to twist, stumble, and suffer severe injuries to his spine.

IX.

Petitioner, JEFFREY P. BOREL, was not negligent in the incident.

X.

Said accident, resulting in injuries and damages to petitioner, JEFFREY P. BOREL, was a direct and proximate result of the negligence and/or fault of defendant, HARVEY GULF INTERNATIONAL MARINE, LLC, its employees, agents or others for whom it is responsible in the following non-exclusive particulars:

A.    Failure to provide a safe and appropriate means to ingress and/or egress the vessel;

B.    Failure to provide a safe and appropriate means for personnel to ingress and/or egress the vessel with tools and/or equipment;

C.    Improper and/or inadequate gangway;

D.    Failure to provide a safe and appropriate means to transport tools and/or equipment from the vessel to the platform;

E.    Negligent planning, instruction, communication, and/or coordination;

F.    Negligent supervision;

G.    Improper, inadequate equipment;

H.    Inadequate, inattentive and/or improperly trained crew;

I.    Inadequate, inattentive and/or improperly trained captain;

J.    Creating and/or permitting the existence of unreasonably dangerous conditions and/or work procedures upon its vessel;

K.    Failure to remedy unreasonably dangerous conditions and/or work procedure upon its vessel for which it had actual and/or constructive knowledge;

L.    Failure to warn petitioner of unreasonably dangerous conditions and/or work procedure upon its vessel for which it had actual and/or constructive knowledge;

M.    Failure to properly examine and/or inspect its vessels to ensure that it did not contain any unreasonably dangerous conditions;

N.      Failure to properly maintain its vessel and/or appurtenances;

O.      Violation of state and federal safety rules and regulations;

P.      Violation of company rules and regulations created for the safety of passengers aboard its vessels;

Q.      Violation of industry safety standards;

R.      Any other acts of negligence which may be revealed at or before the trial of this matter.

XI.

Said accident, resulting in injuries and damages to petitioner, JEFFREY P. BOREL, was a direct and proximate result of the negligence and/or fault of defendant, TAILING INTERNATIONAL, L.L.C., its employees, agents or others for whom it is responsible in the following non-exclusive particulars:

A.      Failure to provide a safe and appropriate means to ingress and/or egress the vessel;

B.      Failure to provide a safe and appropriate means for personnel to ingress and/or egress the vessel with tools and/or equipment;

C.      Failure to provide a safe and appropriate means to transport tools and/or equipment from the vessel to the platform;

D.      Negligent planning, instruction, communication, and/or coordination;

E.      Negligent supervision;

F.      Negligent training;

G.      Inadequate, inattentive and/or improperly trained safety personnel;

H.      Creating and/or permitting the existence of unreasonably dangerous conditions and/or work procedures upon the vessel;

I.       Failure to remedy unreasonably dangerous conditions and/or work procedure upon the vessel for which it had actual and/or constructive knowledge;

J.      Failure to warn petitioner of unreasonably dangerous conditions and/or work procedure upon the vessel for which it had actual and/or constructive knowledge;

K.    Failure to properly examine and/or inspect the vessel and gangway to ensure that it did not contain any unreasonably dangerous conditions

L.    Violation of state and federal safety rules and regulations;

M.    Violation of industry safety standards;

N.    Any other acts of negligence which may be revealed at or before the trial of this matter.

XII.

Said accident, resulting in injuries and damages to petitioner, JEFFREY P. BOREL, was a direct and proximate result of the negligence and/or fault of defendant, SHELL OFFSHORE INC., its employees, agents or others for whom it is responsible in the following non-exclusive particulars:

A.    Failure to provide a safe and appropriate means to transport tools and/or equipment to its platform;

B.    Negligent job planning, instruction, communication, and/or coordination;

C.    Negligent supervision;

D.    Negligent training;

E.    Violation of state and federal safety rules and regulations;

F.    Violation of industry safety standards;

G.    Any other acts of negligence which may be revealed at or before the trial of this matter.

XIII.

As a result of the aforesaid incident, petitioner, JEFFREY P. BOREL, sustained significant injuries and will sustain the following past and future damages, itemized as follows:

A.    Medical expenses; past, present and future; in an amount reasonable in the premises;

B.    Loss of wages; past, present and future; in an amount reasonable in the premises;

C.      Impairment of earning capacity; past, present and future; in an amount reasonable in the premises;

D.      General damages, including pain, suffering and disability; mental, emotional and psychiatric injuries; past, present, and future; in an amount reasonable in the premises;

E.      Loss of enjoyment of life; past, present and future; in an amount reasonable in the premises.

WHEREFORE, all premises considered, petitioner, JEFFREY P. BOREL, prays that defendants, HARVEY GULF INTERNATIONAL MARINE, LLC, TAILING INTERNATIONAL, L.L.C., and SHELL OFFSHORE INC., be duly served with a copy of this Complaint, cited to appear and answer same and, that after legal delays and due proceedings had, there be a judgment in favor of petitioner, JEFFREY P. BOREL, and against defendants, HARVEY GULF INTERNATIONAL MARINE, LLC, TAILING INTERNATIONAL, L.L.C., and SHELL OFFSHORE INC., in an amount reasonable in the premises, together with legal interest from date of the incident, and for all costs of these proceedings.

FURTHER, for all other such general and equitable relief as this Honorable Court may deem proper.

Respectfully submitted,

ANDERSON DOZIER BLANDA & SALTZMAN

s/Nick Blanda
NICHOLAS A. BLANDA (#29093)
Attorney for Plaintiff
P.O. Box 82008
Lafayette, LA  70598-2008
(337) 233-3366 – phone
(337) 233-3163 – fax
nicholas@andersondozier.com
jp@andersondozier.com

BRIAN M. CAUBARREAUX & ASSOCIATES


_____s/Eugene Ledet, Jr._____
EUGENE A. LEDET, JR. (#19681)
BRIAN M. CAUBARREAUX (#21522)
Attorneys for Plaintiff
P.O. Box 129
Marksville, LA 71351
Phone:  318-253-0900
Fax: 318-253-5666
gene@caubarreaux.com
brian@caubarreaux.com



PLEASE SERVE:

HARVEY GULF INTERNATIONAL MARINE, LLC
Through its registered agent:
Robert Vosbein, Jr.
701 Poydras St., Ste. 3700
New Orleans, LA 70139

TAILING INTERNATIONAL, L.L.C.
Through its registered agent:
William N. Abel
103 West 3rd St.
Thibodeaux, LA 70301

SHELL OFFSHORE INC.
Through its registered agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816